ISHEE, J., for the Court:
¶ 1. In 2012, Jabariakias Cunningham was convicted in the Lowndes County Circuit Court of armed robbery and aggravated assault. The circuit court sentenced him as a habitual offender to two consecutive twenty-year sentences in the custody of the Mississippi Department of Corrections (MDOC). Cunningham filed a motion for *607 a judgment notwithstanding the verdict (JNOV) or, in the alternative, a new trial. The circuit court denied the motion. Aggrieved, Cunningham now appeals. Finding no error, we affirm.
STATEMENT OF FACTS
¶ 2. On January 17, 2011, Ahmed Osman and Larry Fulton were working at Naem Grocery Store in Artesia, Mississippi. Osman recalled that around 7:00 p.m., Cunningham and three others entered the store, and Cunningham purchased a soda and chips with a one-hundred-dollar bill. The four men left the store, but two of the men returned around 9:45 that evening. Osman later identified Cunningham as one of the two men who had returned.
¶ 3. Osman stated that after the two men entered the store, Cunningham jumped onto the counter near the cash register, pointed a gun at the ceiling, and fired it one time. Osman later identified the other man with Cunningham as Troyal Williams. Williams took money from the cash register and Osman’s wallet. Osman stated that Cunningham fired the gun at the ceiling a second time, and the two men left.
¶ 4. Shaketa Hill, an Artesia resident who knew Cunningham and Williams, was at a park across the street from the store at the time of the incident. She testified that she saw Williams walking from the store and saw Cunningham waiting for Williams outside of the store sometime around 10:00 p.m. She also testified that two days after the incident, she was walking past a group of men, which included Cunningham, and she heard Cunningham talking about the robbery.
¶ 5. Nancy Cunningham, Cunningham’s grandmother, testified that Cunningham, Williams, and several others were at her house for dinner on the night in question. She gave Cunningham a one-hundred-dollar bill and asked him to get change for the bill at the store so that she could pay a water bill. Cunningham, Williams, and a few others complied, and returned shortly thereafter with the change, soda, and chips. Nancy stated that the group ate dinner, and the boys then walked out to a shed on her property, where they played video games. Nancy also testified that Cunningham left around 8:45 p.m., and she did not see him again that night.
¶ 6. Cunningham’s mother, Barbara Sherman, was also at Nancy’s house for dinner on the night in question. She testified that Javoris Snell, a friend of Cunningham’s, arrived at Nancy’s house around 8:40 after dinner, just as Sherman was leaving. Sherman stated she saw Cunningham come out of the house to meet Snell, and did not see the men again that night.
¶ 7. Snell testified that he picked up Cunningham from Nancy’s house around 8:30 and that they went to Snell’s house. Snell stated that they visited at his house until around 9:40, when he took Cunningham to Cunningham’s house, which was located approximately one block from the store. Snell’s girlfriend, Kanika Logan, corroborated this series of events by testifying that when she walked outside Snell’s house at 9:30 to smoke a cigarette, she saw Cunningham getting into Snell’s car.
¶ 8. Officers Tony Perkins and Sonny Sanders, with the Lowndes County Sheriffs Department, responded to the crime scene. After interviewing several individuals that night, they went to Nancy’s house in search of Cunningham. They testified that Cunningham was not there.
¶ 9. Cunningham was soon indicted for armed robbery and aggravated assault. The trial took place on February 29, 2012. The jury returned a guilty verdict on both counts, and Cunningham now appeals.
*608 DISCUSSION
¶ 10. The case of Lindsey v. State, 939 So.2d 743 (Miss.2005), governs this appeal. In Lindsey, the Mississippi Supreme Court promulgated procedures an attorney must follow when the “appellate counsel represents an indigent criminal defendant and does not believe his or her client’s case presents any arguable issues on appeal.” Id. at 748 (¶ 18). When this situation arises, an attorney must:
(1) ... [F]ile and serve a brief in compliance with Mississippi Rule of Appellate Procedure 28(a)(l)-(4), (7);
(2) ... [C]ertify [in the brief] that there are no arguable issues supporting the client’s appeal, and [that the attorney] has reached this conclusion after scouring the record thoroughly, specifically examining: (a) the reason for the arrest and the circumstances surrounding the arrest; (b) any possible violations of the client’s right to counsel; (c) the entire trial transcript; (d) all rulings of the trial court; (e) possible prosecutorial misconduct; (f) all jury instructions; (g) all exhibits, whether admitted into evidence or not; and (h) possible misapplication of the law in sentencing^ and]
(3) ... [S]end a copy of the brief to the defendant, inform the [defendant] that counsel could find no arguable issues in the record, and advise the [defendant] of his or her right to file a pro se brief.
Lindsey, 939 So.2d at 748 (¶ 18) (citations omitted).
¶ 11. Cunningham’s counsel has complied with the requirements of Lindsey. Counsel further petitions this Court for an extension of time for Cunningham to submit a pro se brief. However, having reviewed the record, we cannot find any arguable issue for appeal or reversible error committed at the trial level. As such, the request for more time is denied. We affirm Cunningham’s conviction and sentence.
¶ 12. THE JUDGMENT OF THE LOWNDES COUNTY CIRCUIT COURT OF CONVICTION OF ARMED ROBBERY AND AGGRAVATED ASSAULT AND SENTENCE AS A HABITUAL OFFENDER OF TWENTY YEARS FOR EACH COUNT, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION, WITH THE SENTENCES TO RUN CONSECUTIVELY, AND TO PAY A $1,000 FINE FOR EACH COUNT, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.